## CUNNINGHAM & BRUMMAGIM, Respondents, v. STEPHEN D. HARRIS, Appellant.

A sued B for twenty-two head of cattle and two wagons, and recovered a verdict for twelve head and the wagon, which was accepted by A, and allowed to stand. C, who held under B, was afterwards sued by A for the remainder of the cattle. *Held,* that if A had commenced another suit against B, his former recovery would have been a complete bar to the action, and that if B could plead the former recovery in bar, so could C, who claimed immediately through B.

APPEAL from the District Court of the Tenth Judicial District, Yuba County.

The facts fully appear in the opinion of the Court.

*G. N. Swezy* for Appellant.

*Rowe & Dunn* for Respondents.

No authorities were cited by counsel.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C.J., concurred.

The third instruction asked for by the defendant, and refused by the Court, is as follows:

"That if the jury find that the plaintiffs sued (for the same cattle here in controversy) Bryan & Saunders, in the action, of which the record of this Court is in proof; and that said defendant holds under said Bryan & Saunders, then the judgment and record in said cause is a bar to this action against this defendant, and plaintiffs cannot recover."

This instruction ought to have been given: It seems from the record that the origin of the controversy was the delivery to Bryan & Saunders by the plaintiffs of twenty-two head of cattle and two wagons. The plaintiffs sued Bryan & Saunders for the cattle, and recovered a verdict for twelve head and the wagons, which had been seized by the Sheriff, and were already in the plaintiffs' possession. This verdict, although it was incomplete, and upon its face did not determine the issue in regard to the remainder of the cattle, yet was allowed to stand,

11

and having been accepted by the plaintiffs, must be conclusive of their rights in the whole subject matter of the suit. Its legal effect is, that the plaintiffs, by virtue of the evidence, are only entitled to twelve head of cattle instead of twenty-two, as against the defendants, Bryan & Saunders. If, therefore, the plaintiffs had commenced another action against Bryan & Saunders for the remainder of the cattle, their former recovery would have been a complete bar to the action, because controversies must be at some time settled, and the same matter in dispute will not be allowed to multiply actions between the same parties. It follows, that if Bryan & Saunders could have pleaded the former recovery in bar, so can those who claim immediately through them.

The judgment is reversed, and the cause remanded.