Roehring and another vs. Huebschmann.

ROEHRING and another vs. HUEBSCHMANN.

*Pleading.*

1. A complaint for the contract price of materials furnished and labor performed *under a single contract* states but *one cause of action*, although plaintiff's claim is made up of *several items*.

2. Where the labor and materials were alleged to have been furnished and the work done at a specified time, " *at the special instance and request* of the defendant and pursuant to a *verbal agreement* theretofore made " between the parties, and defendant demurred to the complaint as improperly joining different causes of action, contending that it stated in the same count a cause of action for the price fixed by express contract, and one on a *quantum meruit*, this court sustains an order overruling the demurrer.

3. Said work is alleged to have been done and materials furnished by plaintiffs in filling, grading and gravelling a certain street in Milwaukee, and constructing a gutter therein, in front of defendant's lots; and the complaint contains no averments to show that such filling, grading, etc., or the construction of such gutter, were ordered by the common council of said city, or otherwise authorized by law. *Held*, on demurrer, that it states a good cause of action.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint alleges, in substance, that, pursuant to a single contract and at the request of the defendant, the plaintiffs furnished a specified quantity of earth and gravel and performed a specified amount of labor, which were used and performed in and about the filling, grading, gravelling and paving

of a street and gutter in front of certain lots belonging to the defendant,* at stipulated prices for such materials and labor; that the contract provided that the same should be paid for by the defendant upon the completion of the work; that the materials were all furnished and the labor performed by a time named, which was before this action was commenced; and that the defendant has failed to pay for the same, and refuses to do so. Judgment is demanded for a specific sum, being the contract price for such materials and labor.

The quantity of earth and gravel so furnished by the plaintiffs, the amount of labor performed by them, the contract price therefor, and the aggregate amount due them from the defendant on account thereof, are stated in the complaint.

To this complaint the defendant interposed a demurrer, alleging as grounds thereof, 1. That it appears on the face of the complaint that several causes of action have been improperly united. 2. That the complaint does not state facts sufficient to constitute a cause of action.

From the order of the circuit court overruling this demurrer, the defendant appealed.

---

\* To render intelligible the objections taken by the appellant, it may be necessary to show more fully the form of the complaint. After alleging that defendant, at the times when, etc., was the owner of lot 3 in block 165, lot 8 in block 166, and lot 11 in block 44, in the second ward of the city of Milwaukee, the complaint avers that in September, 1872, " at the special instance and request of the defendant, and pursuant to a verbal agreement theretofore made between the plaintiffs and the defendant, said plaintiffs furnished materials (to wit, earth and gravel) for, and performed work and labor in and about filling, grading and gravelling Sixth street" in said city, in front of said lot 3 in block 165, " by depositing thereon fifteen cubic yards of earth and twenty-seven cubic yards of gravel." Then followed separate averments of the same character, in regard to materials furnished and work performed in filling, etc. said street in front of lot 8 in block 166, and constructing a gutter in front of lot 11 in block 44, each job being alleged to have been performed at the same time above mentioned, " at the like instance and request of said defendant, and pursuant to the same agreement aforesaid." Then follow the averments as to price stipulated, time of payment, etc., which are stated in substance in the text. — REP.

Roehring and another vs. Huebschmann.

*E. Fox Cooke*, for appellant, argued, 1. That as the complaint alleges that the work therein described was done and materials furnished at the time named, " at the *special instance and request* of the defendant," and also " *pursuant to a verbal agreement* theretofore made " between the parties, it stated a cause of action upon a *quantum meruit*, and also one upon express contract for the contract price, uniting the two causes of action in a single count; and this is a *misjoinder*. *Getty v. Hudson R. R. R. Co.*, 8 How. Pr., 177; *Jones v. Hughes*, 16 Wis., 683; *Baird v. McConkey*, 20 id., 297; 30 id., 624; 17 N. Y., 227; 14 How. Pr., 456; 16 id., 240; 17 id., 239. 2. That if the action is to be regarded as founded on the express contract, no cause of action is stated, because it is not shown that the work of filling, grading, gravelling, etc., the public street in front of defendant's lots, was authorized by law; and if these acts were not authorized, the contract was invalid. Charter of Milwaukee, P. & L. Laws of 1869, ch. 401, p. 936 et seq., secs. 7–9, 11, 12, 20, 21, 23–25, 28.

*Mann & Cotzhausen*, for respondent. [No brief on file.]

LYON, J. We think that the demurrer was correctly overruled. The complaint states, with sufficient certainty, the agreement between the parties, performance thereof by the plaintiffs, and non performance by the defendant, with the proper demand for judgment. This is sufficient. That the complaint states a valid cause of action seems to us to be too clear for argument.

The complaint states but one cause of action, to wit, a cause of action for the materials and labor furnished and performed by the plaintiffs for the defendant, pursuant to a single contract therefor entered into by the parties. It is quite immaterial that the claim of the plaintiffs consists of several items. It arises out of one contract, and the items together constitute but a single cause of action.

The order overruling the demurrer must be affirmed.

*By the Court.* — Order affirmed.