T. L. BOND, *et al.*, v. WEED SEWING MACHINE CO., *et al.*

PETITION; *Only One Cause of Action Stated.* In an action on a penal bond, where the breach alleged was, that one of the defendants, who was the principal obligor, had failed to pay over to the plaintiff, who was the obligee, certain money which the bond required should be paid, and it was shown by the petition and its exhibits that this money was merely a balance due on several items of account, all covered by the bond, *held,* that only one cause of action was stated.

### *Error from Saline District Court.*

ACTION brought by the *Weed Sewing Machine Co.* against *James R. McGonigal,* as principal, and four others as his sureties, on a certain penal bond given by the defendants to

the plaintiff. At the October Term, 1878, of the district court, plaintiff had judgment, and the defendant sureties, *Bond, Palmer* and *Jones*, making the other surety, Henry, one of the defendants in error, bring the case to this court. The facts appear in the opinion.

*C. A. Hiller*, for plaintiffs in error.

*Mahan & Stambaugh*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by the Weed Sewing Machine Company against James B. McGonigal as principal, and T. C. Henry, T. L. Bond, S. M. Palmer and C. W. Jones as sureties, on a certain penal bond, previously given by the defendants to the plaintiff. Judgment was rendered in the court below in favor of the plaintiff for $196.30 and costs, and three of the defendants, to wit, T. L. Bond, S. M. Palmer and C. W. Jones, now bring the case to this court, making the plaintiff below and the other defendants below, defendants in error.

The only question presented to this court by the plaintiffs in error is, whether the petition below states more than one cause of action, or not. It purports to state only one cause of action, but the parties differ in opinion as to whether it states only one or more than one. The question was properly raised in the court below, and the court below held that it stated only one cause of action. The plaintiffs in error say in their brief that "the allegations objected to are that the defendant McGonigal received from the sewing machine company *divers sewing machines, and divers sums of money* and *notes* (which he guaranteed and indorsed to them), for *machines*, and repairs furnished, etc., and thereby became indebted," etc.

The petition with its exhibits states and shows substantially as follows: McGonigal was the agent of the plaintiff below at Salina, to sell and lease sewing machines and to collect and pay over to the plaintiff all moneys due on such sales

and leases, and to guarantee such collections; and said bond was given to secure the faithful performance by McGonigal of all his duties as such agent. Under this agency, McGonigal received several machines from the plaintiff, and sold and leased them to various parties, receiving various sums of money and notes therefor, and paying over to the plaintiff such sums of money at various times. The plaintiff in one of its exhibits attached to the petition states their transactions in the form of an account. In this account various items, both of debit and credit, are stated. The debit items amount to $940.75, and the credit items amount to $580.25, leaving a balance due to the plaintiff of $360.50. The court, however, found a balance due of only $196.30. It will therefore be seen that this action is on a penal bond for the recovery of a balance due on an account. Probably the only breach of the bond was the failure to pay this balance due; and this constituted only one cause of action. We think it is universally held that the failure to pay a balance due on an account constitutes only one cause of action. (Bliss on Code Pleading, § 118.) And generally it is held that all the several breaches of a single and entire contract, where the several breaches affect all the parties plaintiff alike and all the parties defendant alike, constitute only a single and indivisible cause of action. (*Comm'rs v. Plumb*, 20 Kas. 147, 149, and cases there cited. See also *Secor v. Sturgis*, 16 N. Y. 548, *et seq.*) In some cases all the several breaches constitute only one cause of action, in others they constitute one or more causes of action, at the election of the plaintiff, and in others they constitute several causes of action, and neither party alone has any election to the contrary. All this depends upon the nature of the contract, the nature of the breaches, and how they affect the various parties. Of course, when a breach occurs the plaintiff is not bound to wait until it may be known whether another breach will occur or not, before he brings his suit; but he may immediately commence his action, and in this way he may have a separate action for each breach. But generally, all the breaches existing at the time he brings his suit,

constitute only one cause of action. It may be more logical to say even then that each breach constitutes a separate cause of action, but the law, which abhors a multiplicity of suits, will generally find some way of uniting or blending them all together into one cause of action, so that neither party will be at the great inconvenience and expense of prosecuting or defending a separate action for each separate breach. Mr. Justice Strong, in delivering the opinion of the court in the case of *Secor v. Sturgis,* ante, uses the following language:

"In respect to contracts, express or implied, each contract affords one and only one cause of action. The case of a contract containing several stipulations, to be performed at different times, is no exception. Although an action may be maintained upon each stipulation as it is broken, before the time for the performance of the others, the ground of action is the stipulation which is in the nature of a several contract. Where there is an account for goods sold or labor performed, where money has been lent to or paid for the use of a party at different times, whether one only or separate rights of action exist will in each case depend upon whether the case is covered by one or by separate contracts. The several items may have their origin in one contract, as on an agreement to sell and deliver goods, or perform work, or advance money; and usually in the case of a running account, it may be fairly implied that it is in pursuance of an agreement that an account may be opened and continued, either for a definite period or at the pleasure of one or both of the parties." (16 N. Y. 558.)

The judgment of the court below will be affirmed.

All the Justices concurring.