JOHN P. MADDEN v. LEONARD T. SMITH.

1. CONTRACT, *Single and Indivisible; Only one Action.* Where there is but a single and indivisible contract, only one action can be maintained for a breach thereof; and after such action the plaintiff cannot maintain a second on the ground that he did not recover in the first all the damages he in fact sustained in consequence of the breach.

2. ——— *Rule Applied.* The same rule obtains, although the contract contains several items, as where it is for the sale of a bill of goods, or the doing of several pieces of work, providing only that the contract of the promisor is single and entire, and to pay for the goods or work as a whole.

3. PROMISE, *When Entire and Indivisible.* Where S. made a contract with L. to do certain work on a house, and L. made a sub-contract with M. to do some painting, and thereafter another to do further work in painting, and before M. had finished either the original or extra work, he declined to proceed unless S. would promise to pay him therefor, and thereupon S. told him to go ahead and finish the painting and he would pay him, such promise of S. constitutes but a single, entire and indivisible contract as to all the painting, and but one action can be maintained thereon against him.

*Error from Leavenworth District Court.*

ACTION brought by *Madden,* against *Smith,* to recover $358.75 on an account for work and labor. Trial at the December Term, 1881, of the district court, and judgment for defendant. *Madden* brings the case here. The opinion states the facts.

*Thos. P. Fenlon,* for plaintiff in error.

*Stillings & Stillings,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action in the district court of
Leavenworth county, brought by plaintiff in error (plaintiff
below), to recover on an account for work and labor. The
case was tried before a jury, but after the testimony had been
all received the court instructed them to·return a verdict for
the defendant. The parties were each a witness in his own
behalf, and testified directly against each other, so that there
was presented a disputed question of fact; and this, counsel
for plaintiff in error insists, should have been submitted to
the jury, and that the court erred in taking it from them.
Of course if the case turned on the decision of this question
of fact, then counsel is right; for under our system of juris-
prudence the jury are the triers of fact, and their decision
upon a doubtful and disputed question is final and conclusive.
To sustain the ruling of the district court, it must clearly ap-
pear that though the facts be as plaintiff claims, still the law
compels a decision against him. This then is the real ques-
tion presented: Conceding the facts to be just as plaintiff
says they were, was defendant entitled to a verdict and judg-
ment? Now the facts are these: The defendant made a con-
tract with one Liddell to do some work on his house. The
latter made a sub-contract with plaintiff to do the painting.
After plaintiff had about half finished his contract he became
fearful that he was not going to get his pay, and declined to
go ahead with the work. Thereupon defendant agreed to be-
come responsible, and to pay plaintiff for the work if he would
finish the painting. He did so, and then insisted that de-
fendant should pay. The defendant denied any such promise.
But whether he made it or not, we shall not stop to inquire,
nor whether it was, if made, simply a promise to pay the debt
of another as defendant claims, and therefore not binding be-
cause not in writing; for we think another matter compels
an affirmance of the ruling of the district court. That mat-
ter is this: The plaintiff, after the house was completed,
brought one action against the defendant for part of this work,

recovered judgment therefor, and after the filing of an appeal bond the judgment was settled and paid. Now counsel for defendant very properly say that the plaintiff, by bringing one action and recovering judgment thereon, is estopped from any further action on the same contract; that it matters not whether plaintiff claimed or recovered in the first action all that he was entitled to by reason of his contract; it is enough to say that there was but one single and indivisible contract. If that existed, but one action could be maintained on it; and whether the plaintiff recovered much or little, and whether he claimed all or less than all he was entitled to, is entirely immaterial. One contract gives one cause of action, and the plaintiff maintaining one is estopped from any future or further action. This rule of law is familiar, rests upon the soundest principles, and we think is controlling in the present case. In 2 Smith's Leading Cases, 671, the author says: "As an entire cause of action cannot be divided, a judgment in favor of or against the plaintiff for part, will be as conclusive against the right to maintain an action for the residue as if it had embraced the whole. *Simes v. Zane,* 12 Harris, 242; *Benderagle v. Cock,* 19 Wend. 207, 209; *Secor v. Sturgis,* 16 N. Y. 548, 549. 'The rule,' said Lowery, J., in *Simes v. Zane,* 'that prevents a party from splitting up his cause of action into small fragments, takes away his remedy for the residue entirely, and having once claimed by action or defense a part of an entire subject-matter, the law allows him no remedy for the other part; else there could be no end to litigation. A recovery in trespass or trover for one of several chattels carried off or converted at the same time, or for any other indivisible act or wrong, will accordingly be a bar to a subsequent action for the others.' (*Farrington v. Payne,* 15 Johns. 432; *Phillips v. Berick,* 16 id. 136; *Cunningham v. Harris,* 5 Cal. 81; *Cracraft v. Cochran,* 16 Iowa, 301, 304; *Veghte v. Hoagland,* 5 Dutcher, 125.)" And again: "A vendor who sells goods at the same time, and place, to the same person, cannot multiply costs by bringing as many suits as there are parcels, but must include the whole in one action, even when

they were delivered at different periods. (*Smith v. Jones*, 15 Johns. 229; *Miller v. Covert*, 1 Wend. 487; *Cunningham v. Harris*, 5 Cal. 81.) And the principle is the same when the consideration consists of work and labor done, or services rendered. (*Logan v. Caffey*, 6 Casey, 196.)"

It is often difficult to determine whether separate items of a claim constitute a single, or separate cause of action. The rule is clear, but the application is often difficult. There was a disposition at one time in the courts to extend the scope of this rule, and to hold that there was but one cause of action as to many items of claim which in fact sprang out of different and independent contracts. The cases of *Guernsey v. Carver*, 8 Wend. 492, and *Colvin v. Corwin*, 15 Wend. 557, illustrate this tendency. But the later authorities apply it more correctly. In the case of *Secor v. Sturgis*, 16 N. Y. 558, the court thus interprets the rule:

. "The true distinction between demands or rights of action which are single and entire and those which are several and distinct, is, that the former immediately arise out of one and the same act or contract, and the latter out of different acts or contracts. Perhaps as simple and safe a test as the subject admits of by which to determine whether a case belongs to one class or the other, is by inquiring whether it rests upon one or several acts or agreements. In the case of torts, each trespass, or conversion, or fraud, gives a right of action, and but a single one, however numerous the items of wrong or damage may be. In respect to contracts, express or implied, each contract affords one, and only one, cause of action. The case of a contract containing several stipulations to be performed at different times is no exception, although an action may be maintained upon each stipulation, as it is broken, before the time for the performance of the others. The ground of action is the stipulation, which is in the nature of a several contract. Where there is an account for goods sold, or labor performed, or where money has been lent to or paid for the use of a party at different times, or several items of claim spring in any way from a contract, whether one only or separate rights of action exist, will in each case depend upon whether the case is covered by any one or separate contracts."

51 — 28 KAS.

In the case from 6 Casey, *supra,* the court says: "The entirety of the contract has regard to the obligation of the defendant, for it is upon that the action is founded." See also *Comm'rs v. Plumb,* 20 Kas. 147; *Bond v. Machine Co.,* 23 Kas. 119. Now that there was but one contract, is clear. Plaintiff does not pretend to having but one conversation with defendant, or to receiving more than the one promise from him. We quote his language:

"I had done part of the work on the house, and Carr, the architect of the improvement, wanted me to go on and paint the window-blinds, and I told him I would not do any more work till I knew who was going to pay. The defendant Smith told me to go on and paint the blinds and he would pay me. I went on and painted the window-blinds, and completed the other work. The whole amount was $840, besides the window-blinds. About half of the work had been done when I had this talk with Mr. Smith."

No testimony indicates any other conversation, any other contract or promise on the part of defendant. In his first action, plaintiff sued for the blinds, of which he speaks in his testimony above quoted, things which he calls extra work, and then in this action for the balance which would be due under his contract with Liddell, and also a few extra matters. Now counsel for plaintiff says that a party may in one conversation enter into several independent contracts. He may make one promise, which, referring to distinct matters or embodying distinct stipulations, really creates so many independent contracts. He may give a note, which, containing a promise to pay the principal at its maturity, and interest at a given rate at certain intervening times, thereby creates as many separate contracts, which may be enforced by separate actions, as there are times in which interest becomes due. So in this case there was the regular contract work and the extra work; the defendant promised to pay each amount. Therefore there were two contracts — one to pay the amount which Liddell would have owed under the original contract, and one to pay for the extra work thereafter ordered. We do not think this argument sound. It is true that extra work some-

times implies a second contract and a second promise. But so far as the defendant is concerned, there was no extra work. He did not employ plaintiff to do a certain amount of painting, and then employ him to do more; but finding him engaged in painting the house and about to stop, he tells him to go ahead, and promises payment for his entire work. As to defendant, every item of painting stood upon the same basis. It matters not what arrangement existed between plaintiff and Liddell—defendant made but one promise to pay for the painting. The blinds may not have been included in plaintiff's contract with Liddell, but they were part of the work on the house already determined on, and a part of the work which plaintiff told defendant to go on and do, and for which he promised payment, and for all of which, and as an entirety, he made but a single promise. Suppose plaintiff had brought his action against Liddell upon the original contract: it would not be pretended that he could maintain more than one action. Although the contract was for different items of work, such as the painting of doors, windows, walls, etc., and although separate prices were placed upon each item of work, yet when he made the contract to do the whole for $840, everything was merged in the one contract, and upon this he could maintain but the one action. So when the defendant made his promise, it was a promise to pay for all the work then undertaken by the plaintiff. It was a single promise, and a promise to pay for it as a whole. It could not be considered as a guaranty of two separate contracts made by Liddell, for as a guaranty it was worthless. He was liable, if at all, only as an original promisor, and not as a guarantor; and as an original promise, his promise was to pay for all the painting which the plaintiff had undertaken to do. It was a single promise to pay for all the work as a whole, and not a separate contract to pay for each item of it. We think, therefore, that the ruling of the district court was correct, and that it must be affirmed.

We have not considered the case in the light of the other question presented and discussed by counsel, and we have

given to the plaintiff's testimony the fullest extent of meaning which its language would permit. A narrow reading of it would limit its scope very much. The plaintiff says: "The defendant, Smith, told me to go on and paint the blinds and he would pay me." That might mean that he would pay for painting the blinds, and that he had done. We have taken the language however to mean, in our consideration of the case, that the defendant promised to pay for all the work; and for the reasons given, even with that interpretation of it, the ruling of the district court was right, and the judgment will be affirmed.

All the Justices concurring.