HERMAN HOLT, APPELLANT, V. EILERT SCHNEIDER ET AL.,
APPELLEES.

FILED FEBRUARY 20, 1901.    No. 11,654.

1. **Former Decision:** RES ADJUDICATA. Where on appeal a question involved in the controversy is clearly presented and fully determined, the decision thereon will be deemed to be the law of the case in all subsequent proceedings, binding alike on the trial court and in this court on another appeal.

2. **Principal and Agent:** PLEADING: REPUDIATION OF AGENCY: BENEFICIAL ACTS OF AGENT. Where a mortgagee, in whose favor a decree has been obtained and satisfied by one assuming to act as his agent, attempts to repudiate such agency, and begins a new action in equity on the same indebtedness, alleging a different and less sum due than found in the first decree, he can not, in the subsequent proceedings, urge the first decree as fixing the amount due him on such indebtedness.

3. **Judgment:** MANDATE. Judgment of the trial court *held* to be in conformity with the special mandate issued out of this court.

APPEAL from the district court for Lancaster county. Heard below before HOLMES, J. *Affirmed.*

*Flansburg & Williams,* for appellant.

*Stevens & Cochran* and *Stevens, Love & Frampton, contra.*

HOLCOMB, J.

One C. C. Burr, as owner and holder of a second mortgage on the real estate of the appellee and the note secured thereby, commenced an action in equity in the district court for the purpose of foreclosing the lien arising by virtue of the mortgage. After the proceedings were instituted, assuming to act as the agent of the appellant Holt, Burr caused a cross-petition to be filed for and on behalf of Holt, who was the owner of the mortgage indebtedness secured by the prior lien, upon which, after pleadings were formed, a decree was rendered in favor of Holt on his cross-petition, and in favor of the

plaintiff on the cause of action set out in his petition, as well as establishing other and subsequent liens upon the property affected by the proceedings. After a stay of execution of the order of sale taken by the appellee Schneider had expired, Burr, still acting as the agent of Holt, entered into an arrangement with the judgment debtor and owner whereby another loan was obtained upon the premises, and the proceeds thereof, $3,800, received by Burr acting in his own behalf and as agent of Holt, being insufficient to meet all of the liens against the property, by another arrangement a chattel mortgage for $1,587.27 was executed by the mortgagor to Burr, who procured the satisfaction of the subsequent liens, and entered satisfaction of his own lien under the decree rendered on the second mortgage, and satisfaction as agent of Holt of the first lien in his favor rendered on his cross-petition. The amount of the decree in favor of Holt was $4,322.52, but in it, as appeared later, was included a large sum of money due to Burr for interest paid by him as guarantor on the debt secured by the principal mortgage. What part, if any, of the proceeds of the last loan negotiated was paid to Holt does not appear. After the transactions narrated had taken place, Holt, attempting to repudiate the agency of Burr, instituted proceedings in his own behalf to foreclose his mortgage, the principal sum being $3,200, with interest due thereon in the sum of $256, or a total of $3,456, for which he prayed a foreclosure of the lien of his mortgage and a sale of the premises to satisfy the same. In the proceedings in the suit instituted by Holt it was found that Burr was the agent and had authority to act in the capacity in which he assumed to act; and the decree rendered in the first suit having been duly satisfied, the second suit resulted in a finding and a judgment against Holt on the cause of action pleaded in his petition. Upon appeal to this court, the opinion being found in *Holt v. Schneider*, 57 Nebr., 523, the findings and judgment of the trial court were affirmed in all respects, save that, as

the agent of Holt, Burr had no authority to accept in payment of the indebtedness due Holt anything but money, and that the chattel mortgage given by Schneider could not be legally applied to the satisfaction of the debt due to Holt without his consent, and the case was remanded with specific instructions "to ascertain the amount due to Holt from Schneider after deducting the $3,800 paid by the latter to Burr, and to award Holt a lien upon the real estate in controversy for the payment thereof, postponing such lien, however, to that of the Union Central Life Insurance Company." The cause being remanded, on motion, and after the introduction of evidence and a hearing, the court found nothing to be due Holt after applying the $3,800 to his indebtedness, and dismissed the action. The case is again appealed by Holt, who contends that the directions contained in the mandate have not been followed.

It is argued that the decree in favor of Holt having been rendered for the sum mentioned, this is conclusive as fixing the rights of the parties, and a decree should have been awarded for the difference between $3,800 held to be properly applicable to the Holt indebtedness, and the sum for which the original decree was rendered. The former opinion, to which reference has been made, determines three questions, which were clearly presented, and which must be regarded in the subsequent proceedings as the law of the case; first, that Burr was authorized to act as the agent of Holt in the collection of the debt of the principal; second, that Burr, as agent of Holt, had no authority to take a chattel mortgage in satisfaction of his principal's indebtedness; and third, that the proceeds of the subsequent loan of $3,800 were received by Burr as the agent of Holt, and to that amount was a complete and legal payment and satisfaction of the indebtedness due from the mortgagor to the principal Holt. The first decree of $4,320.52 has been satisfied and canceled of record. Holt, as the principal, claimed nothing under that decree, and by the subsequent proceedings

begun by him alleges a definite sum as due from the mortgagor, for which he asks satisfaction. In these later proceedings it is not claimed by him that the amount mentioned in the first decree is due him, but, on the other hand, he asks only for the principal sum of $3,200, with an additional sum as interest. Under these circumstances, it appears to us that the amount in the prior decree, which in fact was due in part to Holt in his own behalf, and the remainder as agent or trustee of Burr, is not a matter which can be regarded as *res adjudicata* in the present proceedings. The amount which is due Burr in his own behalf may properly be satisfied by the chattel mortgage. There is nothing in the opinion which determines how any of the different items of indebtedness evidenced by the first decree may be satisfied and settled, save that as to the amount which is due to appellant Holt, the chattel mortgage can not be applied thereon. It having been determined that $3,800 received by Burr could legally be applied to the extinguishment of the indebtedness due from the mortgagee to Burr's principal, Holt, and there being no finding or determination as to the amount due Holt, it left to the trial court, under the mandate, the determination of that question, and when it was found, as appears to have been rightfully done, that the sum due to Holt was less than $3,800, which it has been decided should properly and legally be applied as payment of the indebtedness due him, then, under the opinion and mandate, such indebtedness had been fully paid and satisfied, and the order of dismissal was right and proper.

The judgment must be

AFFIRMED.