TOLEDO GAS-LIGHT & COKE CO. v. TOLEDO.

1. CAUSES OF ACTION SHOULD BE SEPARATELY NUMBERED.

Numbering paragraphs of a pleading is not approved by the courts; but causes of action should be distinctly stated and numbered.

2. WHEN DIFFERENT CAUSES OF ACTION ARE MERGED INTO ONE.

The different breaches of a contract are separate causes of action if sued on when occurring, but when no action is brought until after the term of the entire contract the different breaches become one cause of action, and it is error to require plaintiff to separately state and number the different breaches as separate causes.

[For other cases in point, see 6 Cyc. Dig., "Pleading," §§ 260-287.—Ed.]

[Syllabus approved by the court.]

ERROR to Lucas common pleas court.

**King & Tracy,** for plaintiff in error.

**C. S. Northup** and **O. W. Nelson,** for defendant in error.

## PARKER, J.

Action was brought by the Toledo Gas-Light & Coke Company, in the court of common pleas of this county, to recover on account of gas furnished to the city for the lighting of streets and public places through a series of years beginning with 1866 and ending with 1877. It is alleged that this gas was furnished under certain contracts with the city, presumably in the form of resolutions or ordinances, and that covering this period there were several contracts—one for ten years, one for one year and one for five years; and that by the terms of these contracts the bills were payable by the city semiannually. The gas company had a right to receive at the hands of the city for each period of six months, the assessments upon certain property levied for the purpose of paying this expense, and it appears from the pleadings that it devolved upon the city to collect these assessments and pay the moneys over to the gas-light and coke company on demand. There was a petition filed, to which a motion was interposed to require the plaintiff to separately state and number its causes of action. These matters that I have stated were all set forth in this petition, and in addition thereto it was alleged therein "that on or about the first day of October, 1882, this said defendant and this plaintiff by their duly authorized officers made a computation of the amount due the said plaintiff at that time upon the bills

rendered from the first day of January, 1866, up to the said time, and agreed that the amount due the said plaintiff from the said defendant at that time was $40,243.01;" and it was also averred in the petition that the gas was furnished; that bills were rendered (the dates and amounts being set forth in the petition) and that payments were made from time to time (and the dates and amounts of these payments are set forth) and that they continued from year to year until November 13, 1899, and there is a prayer for an accounting and for judgment.

The motion to require the plaintiff to separately state and number the causes of action was sustained. The order of the court that such amendment should be made was not complied with promptly—the matter ran along for some time—but finally, before the action was dismissed, an amended petition was filed. In that the plaintiff has undertaken to set forth four causes of action. There are four separate statements of what are evidently intended to be causes of action, and these statements are numbered consecutively from one to four. We think the form of separately stating and numbering adopted by the pleader is not to be approved, because it leaves room for doubt and uncertainty as to whether the parties mean to simply number the paragraphs or to number causes of action. While the numbering of paragraphs is not approved, yet it is sometimes practiced. Therefore we think that where parties intend to state and number causes of action separately, they should state and number them distinctly; as, for instance, "The First Cause of Action; The Second Cause of Action," etc. However, it seems to be understood by all concerned that each of these various paragraphs is intended for a separate and distinct cause of action.

The first cause of action is based upon an alleged contract entered into by the parties on December 30, extending over a period of ten years from January 1, 1866. It sets forth the rate at which gas was to be furnished, the amount of gas furnished, the payments made and closes with the averment that the sum of $25,050 is due under the aforesaid contract.

The second cause of action is a like statement of facts, based upon a contract entered into for the period of one year on January 1, 1876, and a balance of $4,000 is claimed under this contract.

The third cause of action is based upon another contract, which is said to be for a period of five years from January 1, 1887.

We are inclined to think, from comparing this cause of action with the statement of the same matter in the original petition, that counsel has made a mistake in the date—that it was intended to be 1877. We are not certain about that, however; the mistake may be in the original

rather than in this; the dates do not correspond. The balance claimed under this contract is $20,030.

The fourth cause of action is founded upon an alleged accounting and agreement of the parties on October 1, 1882, as to the amount due, and a promise of the defendant to pay the amount so agreed upon as due, and this agreement and computation is said to have covered the period from January 1, 1866, to January 1, 1882, so that it covers the same matters as stated in the first cause of action, and also those in the second cause of action, and if the date in the third cause of action should be "1877" instead of "1887," it covers that also. If the date is correctly stated in the amended petition, that period is not covered by the alleged agreed statement of account.

This amended petition was stricken from the files and the action dismissed by the court, on the ground that the plaintiff had not complied with the order'of the court to separately state and number the causes of action. The contention on behalf of the defendant, which seems to have been sustained by the court, is, that a cause of action arose in favor of the plaintiff, if at all, at each period when an amount became due under either of these contracts and upon the nonpayment of such amount; that, therefore, under the contract providing for a period of ten years, and that payments should be made every six months, there would be twenty causes of action, if full payment was not made at each period when a payment became due, and so on of the other claims under the contract set forth in the second and third causes of action.

The plaintiff in error contends that it complied with the order of the court when it set forth in its amended petition four causes of action. Counsel have filed briefs, but have not cited many authorities upon the question of what constitutes a cause of action under circumstances like these that I have stated. In the brief for plaintiff in error we are cited to one authority, a decision of this court, and that was, probably deemed sufficient for the purpose of the hearing in this court. The authority seems to be in point and sustains the contention of the plaintiff in error. It is the case of *Bowman* v. *Fuher*, 5 Circ. Dec. 218 (11 R. 231). In addition to this we have examined a large number of authorities, some of which I will cite: Bliss, Code Pleading Sec. 118; Kinkade, Code Pleading Sec. 19; Pomeroy, Remedies & Rem. Rights Sec. 460—and there are several other sections upon the subject, some preceding and some following this; *Monarch Cycle Mfg. Co.* v. *Wheel Co.* 12 O. F. D. 277 [105 Fed. Rep. 324; 44 C. C. A. 523]; 4 Enc. Pl. & Pr. 941; *Whitaker* v. *Hawley*, 30 Kan. 317, 327, 328. I shall read only what is stated in that opinion at the pages cited. The

statement of facts is somewhat lengthy and complicated, but the principle involved is made very plain in what I shall read.

"The defendants claim, in the language of the court of appeals of New York, that 'in respect to contracts, express or implied, each contract affords one and only one cause of action. The case of a contract containing several stipulations, to be performed at different times, is no exception, although an action may be maintained upon each stipulation as it is broken, before the time for the performance of the others.' "

Citing *Secor* v. *Sturgis,* 16 N. Y. 558, and what I have just read is quoted from that case.

"The defendants cite several other cases as tending to sustain this doctrine, among which are the following: *Barton Co. (Comrs.)* v. *Plumb,* 20 Kan. 147; *Bond* v. *Sewing Mach. Co.* 23 Kan. 119; *Madden* v. *Smith,* 28 Kan. 798; *Bendernagle* v. *Cocks,* 19 Wend. 207 [32 Am. Dec. 448]; *Stein* v. *Steamboat Prairie Rose,* 17 Ohio St. 471-475 [93 Am. Dec. 631].

"The plaintiff denies the authority of some of these cases, and denies the applicability of all of them. He cites on his side the following, among other cases: *Badger* v. *Titcomb,* 32 Mass. (15 Pick.) 409 [26 Am. Dec. 611]; *Shaw* v. *Beers,* 25 Ala. 449; *Stifel* v. *Lynch,* 7 Mo. App. 326; *McIntosh* v. *Lown,* 49 Barb. 550; *Perry* v. *Dickerson,* 85 N. Y. 345 [39 Am. Dec. 633].

"We suppose that the doctrine enunciated in the case of *Secor* v. *Sturgis, ante,* is generally correct; and, generally, that a breach or any number of breaches of a single contract can furnish, at one time, only one single cause of action. Of course where a contract contains several stipulations to be performed at different times, a cause of action may arise upon the breach of any one of such stipulations, and an action may be maintained at once upon such breach without prejudice to future actions upon subsequent breaches; but if no action is in fact commenced until after other breaches have occurred, then all the various breaches of the several stipulations will constitute only one comprehensive breach of the general contract, only one comprehensive cause of action on the entire contract. All of the various causes of action founded upon the several breaches in such case will be merged into one comprehensive cause of action. At each successive breach of a contract the cause of action on such contract will be enlarged, and no new cause of action will be created. The law abhors a multiplicity of suits, and for this reason, among others, courts generally construe all existing breaches of a single contract as constituting in the aggregate only one general breach of one general contract, one comprehensive infringement of one com-

Gas-Light & C. Co. v. Toledo.

prehensive primary right—the right to have the contract fulfilled in its entirety. According to the great weight of authority, such a breach in the aggregate constitutes only one cause of action.''

Citing Pomeroy, Remedies & Rem. Rights Secs. 552 to 561, and case theretofore cited.

''Hence, if the three items upon which the plaintiff now claims a right to recover are founded upon the aforesaid contract between the parties, then of course such items are a part of one general cause of action, of which the plaintiff's previous cause of action for rent was another part, and the plaintiff cannot recover in this action.''

It will be observed that the plea of *res judicata* was interposeu and was sustained by the application of this principle.

That, we think, is the law applicable to this case, and it follows that the court of common pleas erred in holding that the plaintiff had not complied with the order to separately state and number the ·causes of action. The question chiefly debated by counsel, *i. e.*, as to whether valid causes of action are well stated, is not presented by this record; the only question presented by the record is, whether the court erred in dismissing the action upon the ground stated.

**Haynes** and **Wildman, JJ.**, concur.