## United Oil and Gas Company *v.* Alberson.

### [No. 6,433.   Filed May 12, 1909.]

1. JUDGMENT.—*Inconsistent Actions.—Estoppel.*—A party cannot procure a judgment against one party and then recover a judgment against another for the same matter, upon a wholly inconsistent or contradictory state of facts. p. 629.
2. JUDGMENT.—*Former Adjudication.*—A judgment rendered in a former action is, as to all matters which might properly have been litigated under the issues, conclusive in a subsequent action for the same cause. p. 631.
3. JUDGMENT.—*Former Adjudication.—Debt.—Mechanics' Liens.*—A judgment rendered in a suit against the present defendant and another, the complaint asking for a judgment for work and labor against both, and for the foreclosure of a lien therefor against the present defendant, is conclusive against a subsequent action by such plaintiff against the present defendant for such work and labor. p. 631.

From Wells Circuit Court; *C. W. Watkins*, Special Judge.

Action by Frank Alberson against the United Oil and Gas Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Simmons & Dailey,* for appellant.
*Levi Mock, John Mock* and *George Mock,* for appellee.

HADLEY, J.—Appellee sued appellant on an account for work and labor. The complaint is in one paragraph, and alleges that appellant is indebted to appellee in the sum of $141.75 for work and labor done for the appellant by appellee at the special instance and request of appellant. Appellant answered in three paragraphs: (1) General denial; (2) former adjudication; (3) that prior to the commencement of this action the debt sued upon in appellee's complaint was extinguished and placed in judgment; that previously appellee instituted suit on said debt in the Wells Circuit Court against one Demming and appellant, in which suit appellee asked and sought a personal judgment upon said debt against said Demming; that said suit was upon the express promise of said Demming, and appellee also sought to foreclose a mechanic's lien against appellant, which appellee asserted in said suit was a lien securing said debt; that appellant and Demming were both duly served with process and both appeared; that said cause was duly tried and a finding duly entered therein, giving to appellee a personal judgment against Demming, as sought and prayed for, for the full amount of said claim, and rendering judgment at the same time in favor of appellant on the issues joined between said appellee and appellant, which judgment is still in force. Appellee replied to the second paragraph of answer in two paragraphs: (1) By general denial; (2) admitting that he brought suit as mentioned in said paragraph of answer, but averring that the complaint in said action was for the sole purpose of enforcing a mechanic's lien against appellant's property. Appellee replied by general denial to the three paragraphs of appellant's answer.

Upon these issues the cause was tried by the court and judgment rendered in favor of appellee. From this judgment appellant brings this appeal.

The only error assigned and discussed is the error of the court in overruling appellant's motion for a new trial.

Upon the trial it was shown that in September, 1904, appellee filed a complaint in the Wells Circuit Court against N. J. Demming and appellant, which averred that on June 1, 1904, defendant Demming was engaged in the construction of oil-wells in said county; that the defendant (appellant here) is the owner of an oil lease on the lands of one Johnson, describing the same, and employed defendant Demming to construct oil-wells thereon; that said Demming employed plaintiff (appellee) to assist in the drilling of what is known as oil-well number eight; that in pursuance of said agreements said plaintiff had labored as a driller for thirty-one and one-half days, at the agreed price of $4.50 per day, in drilling said well number eight; that on July 7 defendant Demming delivered to plaintiff a written statement of said labor, showing the amount and the time said plaintiff had labored and the amount due therefor; that on said date said plaintiff filed in the recorder's office a notice of his intention to hold a lien on said well, copy of said notice being made part of said complaint; that said notice was duly recorded and said sum remains unpaid, the prayer of the complaint being that plaintiff demands judgment for $........ as payment of said claim, and that said lien be foreclosed and said lands sold in satisfaction of said claim, and for all other proper relief.

The notice of a mechanic's lien filed with the complaint is addressed to N. J. Demming and appellant, and states that plaintiff intends to hold a mechanic's lien upon the oil-well, describing it, to cover a claim for $141.75 for work and labor done in the drilling of said well, which work and labor was done and performed at the special instance and request of N. J. Demming. To this complaint appellant in

this case filed answer in three paragraphs: (1) In general denial; (2) setting up as affirmative matter that the work and labor, for which compensation is sought to be recovered, was performed on an oil- and gas-well being drilled on the lands belonging to appellant; that said wells were drilled under a contract with N. J. Demming, whereby Demming was to drill said well, but was to have no pay therefor until said well was fully completed and drilled a sufficient depth into the Trenton rock to test its capacity for oil and gas; that said Demming wholly failed to carry out his part of the contract, and failed and refused to complete said well, as before agreed, and that the work so performed by Demming was of no value whatever to appellant or said leasehold estate. The answer also averred "that no contract of any kind whatever was ever entered into by said defendants with said plaintiff, to pay him any sum whatever for any work done upon said well or wells, or sued on in this action, and that plaintiff had full knowledge of said contract between this defendant and said Demming at the time he commenced to labor upon said well or wells and long prior thereto and ever afterwards. Wherefore the defendant says that the plaintiff ought not to recover, and demands judgment for costs." A demurrer was sustained to the third paragraph of answer. Upon the issues thus tendered, judgment was rendered for the plaintiff against the defendant N. J. Demming in the sum of $141.75, and also a finding "that the plaintiff take nothing by this action as to the defendant United Oil and Gas Company, and that said defendant recover of and from the plaintiff its costs."

Appellant insists that this showing precludes appellee from recovery in this cause: (1) Because it shows that appellee has undertaken to recover in two actions, the second of which is wholly inconsistent with, and contradictory of the first; (2) that the judgment in the former case is a former adjudication and a complete bar to this action. A party may not procure a judgment for a matter against

one party and then procure a judgment for the same matter against another party, upon a wholly inconsistent or contradictory state of facts. 2 Black, Judgments (2d ed.), §632; *Hanley* v. *Foley* (1857), 18 B. Mon. (Ky.) 519; *Lilley* v. *Adams* (1871), 108 Mass. 50; *Holt* v. *Schneider* (1901), 61 Neb. 370, 85 N. W. 280; *McQueen's Appeal* (1882), 104 Pa. St. 595, 49 Am. Rep. 592; *Toope* v. *Prigge* (1877), 7 Daly (N. Y.) 208; *Kirk* v. *Goodwin* (1894), 53 Kan. 610. In *Toope* v. *Prigge, supra,* Toope, materialman, brought suit against Prigge, the owner, and Thorntons, the contractors, to foreclose a mechanic's lien on the building toward which he had furnished work and materials, and stated that he had furnished such work and materials at the request of the contractor. A judgment was rendered in his favor against the contractors, and it was stated that this judgment was a part of a subsequent action by Toope against the owner to recover for furnishing the same work and materials, upon the allegation that they had been furnished at the owner's request, the court saying, with reference to said former judgment: "It needs no criticism or weighing of authorities to demonstrate that such a judgment, unreversed and in full effect, must upon every principle of justice be held conclusive upon the rights of the parties, and debar such a claim as is now presented on behalf of the plaintiffs. It is not necessary to review the multifarious cases cited on the points of the plaintiff's counsel, as no principle can be eliminated from them, giving countenance to so inequitable a claim as is here presented." These authorities fully sustain the proposition before stated, and if, as admitted by appellee, the first action sought only a personal judgment against Demming and only a foreclosure of the lien against appellant, the principle before enunciated is applicable and a bar to appellee's right to recover. It is unnecessary, however, for us thus to ground our decision, as the plea of former adjudication must be sustained under the evidence introduced.

United Oil, etc., Co. v. Alberson—43 Ind. App. 626.

It is well settled that a judgment on the merits of a cause rendered in a former suit between the same parties, involving the same cause of action, is conclusive, not only as

2. to every matter which was offered to sustain the claim, but as to every other matter that might with propriety have been litigated and determined under the issues. *Fischli* v. *Fischli* (1825), 1 Blackf. \*360, 12 Am. Dec. 251; *Kurtz* v. *Carr* (1886), 105 Ind. 574; *Howe* v. *Lewis* (1889), 121 Ind. 110; *Griffin* v. *Wallace* (1875), 66 Ind. 410; *Lawrence* v. *Beecher* (1888), 116 Ind. 312.

But appellee insists that in the former case between the parties the question of the liability of appellant was not presented or adjudicated; that said former action was

3. for the purpose of foreclosing a mechanic's lien, and nothing more. We cannot so interpret the proceedings. The facts averred in the complaint in that case were against appellant here and Demming. It showed a liability to pay for work and labor on the part of some one, either the appellant or Demming. It did not explicitly state which. There was a general prayer for a personal judgment against both defendants, as well as a foreclosure of the mechanic's lien. Both of the defendants were within the jurisdiction of the court. The appellant answered, denying any personal liability for the debt, and denying that it had ever employed appellee or entered into any contract with him whatever. This squarely raised the issue here presented. Whether this question was tried, we have no means of knowing. It is sufficient for us in this case to know that it might have been, and the judgment of the court in favor of appellant against appellee in that case is a complete bar to appellee's claim in this, as it involves the same matter that might have been litigated under the issues in the former action.

Judgment reversed, with instructions to grant a new trial.