Rarey v. Lee.

Filed Sept. 27, 1893.

⸻◆⸻

No. 667.

RAREY v. LEE.

DAMAGES.—*Abatable Cause.—Recovery.—Right of Action Subsequent to Recovery, for Failure to Abate.—Ditch.—Unlawful Flowage.*—Where plaintiff obtained a judgment for damages, and, also, an injunction abating the unlawful and unnatural flow of water onto his lands from the lands of defendant, caused by the construction of ditches, the cause of the injury being abatable, the judgment for damages covered only such as the plaintiff had suffered to the time of the rendition of the judgment, and for any further trespass or injury to plaintiff, by failure of defendant to abate the nuisance, the defendant is liable in damages, and also liable for contempt of court.

From the Howard Circuit Court.

*C. N. Pollard, J. O. Brien* and *C. Wolfe,* for appellant.

*J. C. Blacklidge, C. C. Shirley, B. C. Moon, M. Bell* and *W. C. Purdum,* for appellee.

Ross, J.—The appellee sued the appellant to recover damages for injury to his land, from surface water alleged to have been wrongfully thrown upon such land by appellant.

The complaint is in two paragraphs, in substance the same, to each of which a demurrer was filed and overruled. The appellant then filed an answer of general

denial, under which it was agreed that appellant could prove all defenses the same as if specially pleaded.

The first and second errors assigned in this court call in question the sufficiency of the complaint, the first paragraph of which is as follows:

"The plaintiff, Stephen P. Lee, complains of the defendant, Daniel Rarey, and says that the plaintiff has been, since the 2d day of September, 1885, the owner in fee and in possession of the following described real estate in Howard county, Indiana, to wit: The northeast quarter of the southeast quarter of section twenty-two (22), township twenty-four (24) north, range four .(4) east, except five (5) acres in the southeast corner of the same, being 35 acres; that the defendant is the owner in fee and in possession of the southwest quarter of section twenty-three (23), said township and range, also of the five (5) acres above excepted out of the southeast corner of said section 22, in all 165 acres in said county and State; that running north and south and in a southwesterly direction on the northwest quarter of said 160 acres there is a natural elevation in the land extending almost entirely across the said northwest quarter; that said elevation is several inches in height, there being but about fifteen acres of the defendant's land in said northwest quarter, on the west side of said elevation or ridge; that said elevation or ridge is of such a character that in its natural condition it causes all the surface water which falls and collects upon the land of the defendant, lying east of said elevation, to flow off the defendant's land in an easterly and northeasterly direction, and away from the plaintiff's land and the lands of the defendant that are contiguous to plaintiffs; that the defendant on or about the —— day of October, 1885, and at various times since, wrongfully and unlawfully cut ditches from two to three feet deep through said nat-

ural ridge and elevation, and thereby caused the water to flow almost continuously from that time to the time of bringing this action, over and upon the land of the plaintiff, and in large quantities, and in a manner that it would not have done had it not been for the unlawful cutting of said ditches by the defendant, and that on account of the cutting of said ditches and other tributaries cut into the same by the defendant, whereby the water from a great portion of the defendant's said land has been thrown on the plaintiff's land and diverted from its natural course, the plaintiff's crops of corn, wheat, grass, hay, and vegetables, as well as his lands, have been destroyed and injured.

Plaintiff further says, that on the 30th day of September, 1887, this plaintiff commenced an action in the Howard Circuit Court against the said Daniel Rarey to enjoin him, the said Rarey, from thus flowing and delivering the waters from his said land and out of its natural course upon the lands of plaintiff, and to recover damages from the said defendant for injury to plaintiff's crops and to his said land; that such proceedings were had in said cause (which was cause No. 8,388, to which the said defendant appeared) upon the issues joined therein, that it was adjudged, ordered and decreed by the court that the said Rarey be perpetually enjoined from flowing the water from his said land upon that of the plaintiff, as hereinbefore set forth, and also a decree and judgment for damages was rendered by the court in said cause against the defendant Rarey for the flowing of the water upon the plaintiff's land by reason of the construction of the ditches aforesaid, and the injury to his crops and land, and a finding was also made in said cause to the effect that the said defendant did unlawfully and wrongfully flow the water from his said land to and upon that of plaintiff, to his injury and damage, which

finding, judgment and decree was rendered on the —— day of ——, 1888, and is still in force.

"Plaintiff further says, that the said defendant wholly disregarded said judgment and decree, and from the time of its rendition to the present time has continued to wrongfully and unlawfully flow the water from his said land, as hereinbefore set forth, to and upon the plaintiff's land, and greatly injuring his crops and land, and in addition to cutting and constructing said drain and ditches through said elevation and ridge, the said defendant has constructed new and other ditches upon his said land than those that were in existence at the time of the rendition of said judgment, and has thereby caused the water to collect more rapidly and in larger volumes in said drain so constructed through said elevation and ridge, and thereby caused the water to collect more rapidly and in greater quantities upon his said land than it did prior to the rendition of said judgment, and has so constructed his system of drainage upon his said land as to bring about and produce such result, to the plaintiff's great injury and damage; that by reason of the facts hereinbefore set forth, plaintiff's crops of hay, corn, wheat, and vegetables, and lands were, during the years 1889 and 1890, damaged in the sum of $300, for which sum plaintiff prays judgment and all proper relief."

The appellant insists that neither paragraph of the complaint states a cause of action, for the following reasons: First. That having brought an action and recovered damages, all injuries occurred, or which might afterwards result from the act complained of, were merged in that judgment; and, second, that having recovered in the former action, in addition to his judgment for damages sustained, an order enjoining the appellant from flowing water upon appellee's land, appellee's remedy, if any he has, is to proceed against appellant for contempt.

That having invoked the aid of the court to protect him from further injury at the hands of appellant, he must pursue that remedy, and has no other. We think both contentions untenable. For all trespasses comitted to the time the former judgment was rendered, damages were assessed, and all rights to recover therefor were merged in that judgment, and no subsequent action could be successfully maintained for the same trespass. The injunctive relief granted at that time was to prevent future injury by forbidding appellant from further trespassing, yet, if appellant disregarded the order of the court and committed another trespass, which he surely did if he continued to flow water on appellee's land, a new cause of action accrued in favor of appellee. Any punishment which the court might inflict for the violation of its order would not remedy the injury done the appellee. Neither would a judgment in favor of the appellee, compensating him for the injury sustained, purge appellant of contempt.

It is a settled rule of law that for one injury—the thing causing it being permanent and not subject to being abated—but one cause of action arises, in which all damages must be recovered, for the reason that there is but one wrong, for which there is but one remedy, which can not be divided. *City of Lafayette* v. *Nagle*, 113 Ind. 425.

But it is equally well settled that when the thing causing the injury is not in itself permanent, being abatable, the injured party may seek and recover redress for injuries sustained to the time of the bringing of his action, and for a subsequent injury may maintain another action.

In 3 Sutherland on Damages, section 1042, the author announces the rule to be that "When a wrongful act is done which produces an injury which is not only im-

mediate, but from its nature must necessarily continue to produce loss independently of any subsequent wrongful act, then all the damages resulting, both before and after the commencement of the suit, may be recovered in one action." ·

This rule, however, does not extend to trespasses, or other tortious acts. While the commission of a certain wrong is a trespass, its continuance is a nuisance, which may be abated. 5 Am. and Eng. Encyc. of Law, p. 16, and cases cited.

If the appellant, without right, caused water to flow from his land upon the lands of appellee, he was guilty of trespass, and each and every time he so caused the water to flow was a separate and distinct trespass, and the appellee, in bringing an action for damages, in addition to recovering damages for the injuries sustained, might invoke the aid of the court, by injunction, to prevent further trespassing by the appellant, and when such relief was granted, it is presumed that it was effective. The cause was, in legal contemplation, removed. That the appellant did not remove the cause after the order of the court so to do, is in effect the creating of a new cause for which, if injury resulted, damages might be recovered.

In this case, it was not the digging of the ditch on appellant's land, which must be denominated as alone the cause, for, unless there was a flow of water in it, no injury could result to the appellee. Again, the appellant had a right to dig ditches upon his own land, and as long as he confined the water flowing therein, to such land, he. was not liable, but whenever he permitted it to escape and do injury to others, he became answerable therefor. None of the authorities cited by counsel for appellant have decided contrary to the principles here announced. In each of those cases, the rule is settled that when a

cause of action exists and a party has two remedies to enforce his rights, the adoption of one forfeits his right to pursue the other. So far as any objection has been pointed out, we think both paragraphs of the complaint state a good cause of action.

The view we have taken of the complaint disposes of most of counsel's argument as to the sufficiency of the evidence to sustain the verdict, yet we have read the evidence with care and find it not only sustains the allegations of the complaint, but in the main is uncontradicted. We have experienced considerable difficulty in arriving at an intelligent understanding of the evidence, from the fact that reference is made in the testimony of almost every witness to a plat, their evidence having special reference to such plat, and yet the record contains no plat, and there is nothing to indicate that it was ever offered or introduced in evidence.

This court can not examine the evidence unless it is all in the record, and it is not fair to ask us to pass upon the sufficiency of the evidence to sustain the verdict, unless we have before us all the evidence which the jury had. The jury had exhibited to them a plat upon which the witnesses pointed out the location of the ditches complained of, as well as the course of the water. With the plat thus before them, the evidence was probably clear and effective, while the utterances of the witnesses without the plat is wholly unintelligible to this court.

Objection is urged to several of the instructions given, but we think they were proper under the case made by the pleadings and the evidence. The evidence upon which damages were assessed discloses no injury prior to the rendition of the judgment in 1888. Again, we think there was no error in the court's instruction with reference to what was adjudicated in the former action,

for the reason that that judgment was an adjudication of the questions in issue, among which was the right of appellant to flow water upon the land of appellee. That question was settled against the appellant by that judgment, and is still in force unless he has acquired rights subsequent to the rendition of that decree. The evidence shows no such rights to have been acquired. Part of the instructions tendered by appellant, and which the court refused to give, were, in substance, covered by other instructions given. Others refused had no application to the facts, and were rightfully refused.

As heretofore stated in this opinion, the judgment recovered by the appellee against the appellant, in 1888, was decisive of appellant's rights to flow water on appellee's land. If the appellant had a right, when that judgment was rendered, to flow the water complained of, on the appellee's land, that was a matter of defense which he should have set up in that action, and if he failed to do so, he lost all rights thereunder, or if he did set it up in defense, it was determined against him, and, having abided that judgment, he has no remedy now.

We need not extend this opinion by giving reasons for deciding that the appellant was not entitled to a new trial on account of the alleged misconduct of counsel for the appellee, further than to state that the record shows no misconduct. The record discloses that the counsel for the appellee, in his closing argument to the jury, read to them several of the instructions which the court had previously indicated he would give to the jury.

It affirmatively appears that counsel did not attempt to, in any manner, construe such instructions. Counsel, in their argument of a cause to the jury, have a right to read to the jury the instructions which the court has indicated, pursuant to section 534, R. S. 1881, will be given by the court, and may comment on the evidence

to which the instructions are applicable.    Scott v. Scott, 124 Ind. 66.

We find no reversible error in the record.

Judgment affirmed.

Lotz, J., was not present.

Filed Sept. 21, 1893.