UNGER *v.* McMANUS, EXECUTRIX, ET AL.

[No. 10,730.   Filed March 11, 1921.   Rehearing denied May 18, 1921.]

1. JUDGMENT.—*Conclusiveness.—Res Adjudicata.*—In an action on a note given by defendants to plaintiff to indemnify him against loss because of his liability on notes excuted by plaintiff to a third person for benefit of defendants, a judgment that such third person take nothing by his cross-complaint drawn upon the theory of a right to subrogation to the rights of plaintiff against defendants *held*, not *res adjudicata*, in a subsequent action by such third person's executrix against plaintiff on the notes executed for the benefit of such defendants. pp. 597, 598.

2. PLEADING.—*Complaint.—Theory.—Determination.*—The theory of a complaint is not determined by its prayer, but by its averments.   p. 598.

3. EVIDENCE.—*Parol Evidence.—Judgment.—Matters Concluded.* —Where pleadings and record evidence in a former action were not ambiguous, parol evidence was not admissible to determine what was adjudicated therein, such evidence being competent only in case of ambiguity.   p. 598.

4. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.* —In an action in which it was contended that the judgment in a prior action was *res adjudicata,* error in admitting parol evidence as to what was adjudicated in the prior action was harmless, where the pleadings and records therein were free from ambiguity.   p. 598.

From Morgan Circuit Court; *Alfred M. Bain,* Judge.

Action by Katherine E. McManus, executrix, and others against Hyman Unger.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Fitzpatrick & Fitzpatrick, Joseph W. Williams* and *Earle E. McFerren,* for appellant.

*Smith, Remster, Hornbrook & Smith, S. C. Kivett* and *Ryan, Ruckelshaus & Ryan,* for appellees.

NICHOLS, J.—The only substantial question presented in this appeal is one involving the principle of *res adjudicata,* which is presented by error assigned on the court's action in overruling appellant's demurrer to appellee's reply, and in overruling appellant's motion for a new trial.

While the record and the briefs are somewhat voluminous, the facts upon which the question arises, concisely stated, are as follows:

Appellee, executrix, hereinafter mentioned as appellee, sued appellant on the last eleven of a series of thirty notes, each in the sum of $50, dated July 31, 1913, payable one each successive month from date with six per cent. interest from date, signed and executed by appellant, and payable to appellee O'Brien, by whom they were endorsed before maturity to appellee's decedent. One Nathanson and one Taumler, for whose benefit said notes were made, or their transferees, paid the first ten of said series of notes, after which they became insolvent, and failed and refused to make further payments. Appellant thereafter, and before the former suit, paid the next seven of said notes, and during the progress of the former trial in the former suit paid another. The record does not account for one note, but this fact is not material.

The former suit was upon a $1,500 note given by said Nathanson and Taumler to appellant to indemnify him against loss because of his liability upon said series of notes which said Nathanson and Taumler expected to pay, but which they failed to pay as aforesaid. Said $1,500 note was secured by mortgage upon said Nathan-

son and Taumler's saloon property, the foreclosure of which was sought in such action. Other parties intervened, and on appellant's petition a receiver was appointed, who sold said saloon property, realizing from such sale $1,500, from which sum appellant asked that the receiver be ordered to pay him $1,000 to indemnify him for the money he had already paid in discharge of said notes, and for the amount he was yet liable thereon being the amount of the notes now in suit. To this end he averred in his complaint that he "has actually paid the sum of $....., and will be compelled to pay six hundred and fifty dollars and interest from July 31, 1913, at six per cent. in addition to the sum already paid, and he has therefore been damnified to the extent of one thousand dollars and interest and attorney's fees." Appellant's attorney in the former action, testified as a witness in this case that appellant and such attorney were of the impression that appellant was owing appellee's decedent on the notes now in suit until the court rendered its decision.

It is averred in appellee's reply that her decedent filed his cross-complaint in the former action at the request of appellant's attorney, and that the same was prepared by said appellant's counsel. There is some evidence from which this fact may be fairly inferred. We think it clear from these circumstances, and from others of like tenor, that appellant justly owes the notes in suit. He seeks, however, to avoid their payment by invoking the plea of *res adjudicata*, claiming that the court's judgment on the cross-complaint of appellee's decedent filed in the former suit protects him. In this we cannot concur. We have carefully read the cross-complaint, and have no difficulty in determining that it was drawn upon a theory of a right to subrogation to the rights of appellant in the fund arising from the sale of the mortgaged saloon property, and of a

right to a lien on such funds to the amount of the money due on the notes. Had appellee's decedent succeeded in establishing such right and lien, he would thereby have protected appellant from the payment of such notes. It is true that the prayer of such cross-complaint asks for a judgment against appellant and others, and that the same be declared a lien upon the said funds, but the theory of a complaint is not determined by its prayer, but by its averments. It clearly appears by the averments that its primary purpose was to reach the funds in the hands of the receiver. There could have been no other relief given. The notes involved were not then due, and hence there was no right to a personal judgment. There was no dispute as to appellant's liability on the notes. The judgment that appellee's decedent taking nothing was therefore, either a denial of his right to subrogation and to a lien, or a judgment on the ground that the action was prematurely brought, and such a judgment would not be res adjudicata. Griffin v. Wallace (1879), 66 Ind. 410. Appellant's plea is not sustained. We reach this conclusion by an examination of the pleadings and the record evidence, without any help whatever from the parol evidence, the admissibility of which appellant contests. There being no ambiguity, such parol evidence was not needed, and hence it was harmless. Conceding an ambiguity, parol evidence may be heard to determine what in fact was adjudicated. Paul v. Barnbrook (1914), 58 Ind. App. 607, 106 N. E. 425.

Appellant's counsel in an able and extensive brief, presents numerous propositions which are sustained by authorities. We do not question the propositions or the authorities cited, but hold that they are not applicable to the facts in this case. The court did not err in its ruling. The judgment is affirmed.